# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH LEE JOHNSTON, | ) |
| | ) |
| Petitioner, | ) |
| vs. | )  NO. CIV-11-0050-HE |
| | ) |
| JUSTIN JONES, DIRECTOR, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Kenneth Lee Johnson, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2241 challenging the "ODOC's application and administration of earned credits toward [his] sentence."[1]  Habeas petition, p. 1.  The matter was referred for initial proceedings to Magistrate Judge Valerie K. Couch, who has recommended that a motion to dismiss/for summary judgment filed by respondent be granted and the petition be dismissed.  The magistrate judge concluded the petition was untimely and failed to state a cognizable claim for federal habeas relief.  As petitioner objected to the Report and Recommendation, the court has conducted a de novo review of the magistrate judge's two determinations.

Petitioner initially challenges the magistrate judge's conclusion that his petition was untimely.  He argues that, while the magistrate judge based her analysis on a discharge date (of the unsuspended part of petitioner's 20 year sentence) of June 30, 2008, the date originally was July 9, 2010.  Petitioner contends that after he filed his

---

[1]*Petitioner was sentenced to a 20 year term of imprisonment, with all but the first ten years suspended.*

habeas petition the Department of Corrections conducted an audit and discovered an error that resulted in the earlier discharge date. He asserts that his petition was timely because it was filed on January 14, 2011, which was within one year of July 9, 2010.[2]

The magistrate judge used June 30, 2008, "as the most liberal triggering date." Report and Recommendation, p. 5. She found that the petition was untimely whether the limitations period began to run in 2008, or, as respondent asserted, on March 18, 2004, the date when petitioner was received into the custody of the Oklahoma Department of Corrections.[3]

The court does not have to determine when the limitations period commenced, as it agrees with the magistrate judge that petitioner's sentencing claims are not appropriate for federal habeas review. As she explains in her Report and Recommendation, petitioner is "challeng[ing] the authority of the State of Oklahoma as to matters of sentence administration." Report and Recommendation, p. 5. He asserts an error of state law, rather than a violation of a federal constitutional right.

Accordingly, as the court concurs with the magistrate judge that petitioner has failed to state a basis for federal habeas relief, it adopts her recommendation and grants

---

[2]*Petitioner first claimed that the critical date for limitations purposes was July 9, 2010, in his objection to the Report and Recommendation. As the court has based the dismissal of the habeas petition on an alternative ground, it does not have to determine whether petitioner waived this argument by failing to present it to the magistrate judge.*

[3]*The magistrate judge noted that petitioner did not challenge "Respondent's factual contention that Petitioner had access to the ODOC's policies and procedures upon his reception into the custody of the ODOC on March 18, 2004," or contend that another date should control the limitations issue. Report and Recommendation, p. 4.*

respondent's motion to dismiss/for summary judgment [Doc. #10]. The petition for habeas corpus is dismissed. The court also denies a certificate of appealability as it finds petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated this 14th day of September, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE